Irene E. MILLS and Florence E. Mahoney

v.

The UNITED STATES.

No. 234–68.

United States Court of Claims.

May 16, 1969.

**1256**

Peter S. Taylor, Washington, D. C., attorney of record for plaintiffs.

Howard O. Sigmond, Washington, D. C., with whom was Acting Asst. Atty. Gen. Glen E. Taylor, Washington, D. C., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

NICHOLS, Judge.

Plaintiffs, Irene E. Mills and Florence E. Mahoney, are the daughters and sole heirs at law of Lutie M. Sawhill. In this action they are seeking cancellation of a deed by which Lutie Sawhill conveyed approximately 393 acres of land in Russell County, Kansas to the United States for a price of $42,000 and they want this court to award a figure greatly exceeding that price. The defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted, or for summary judgment. There are no genuine issues of material fact and under Rule 20(b) defendant's motion to dismiss and supporting papers are treated as a motion for summary judgment. For reasons to be discussed, defendant's motion is granted and plaintiff's petition is dismissed.

During 1961, the Army Corps of Engineers began to acquire land in Russell County, Kansas for the Wilson Dam and Reservoir Project. The Engineers sought to acquire Mrs. Sawhill's land (designated Tract No. 315 by the Engineers) on which was located a commercial gravel pit. Mrs. Sawhill apparently sold gravel to Russell County for use in its road building projects and had done so for many years. Defendant held negotiations with Mrs. Sawhill over a period of several months and offered her $36,000 for the property which she refused; she then made a counter offer to take $48,000. Defendant's final offer of $42,000 was also refused. Because defendant's negotiators thought that Mrs. Sawhill's counter offer was excessive and that further negotiations would be useless, they decided to acquire the land by condemnation. When Mrs. Sawhill was notified that the defendant planned condemnation, she accepted the offer of $42,000. On September 5, 1962, she conveyed the property by deed reserving the right to remove sand and gravel from the pit until February 28, 1963, "but only insofar as taken for road purposes by Russell County." Sometime after the property was conveyed, Mrs. Sawhill died and her daughters, as heirs, are bringing this suit, but they are also her personal representatives, in case we should think they should have sued in that capacity.

Defendant now says plaintiffs could recover only if they could show Mrs. Sawhill was incompetent at the date of transfer, but this goes too far. Plain-

tiffs concede that she was not incompetent. We have held that we will grant relief by recision or reformation in cases of overreaching by contracting officers, taking advantage of a vendor's obvious mistake. Chernick v. United States, 372 F.2d 492, 178 Ct.Cl. 498 (1967), and cases there cited.

Plaintiffs are now claiming that this deed should be cancelled because Mrs. Sawhill was under great pressure to sell, that she did so for grossly inadequate consideration and because defendant misstated Mrs. Sawhill's legal position to her. To support their claim plaintiffs allege that Mrs. Sawhill was a widow 80 years of age with little formal education. They state that she greatly feared legal proceedings and that she was pressured into selling her property at far less than its value to avoid condemnation proceedings. Plaintiffs allege that the threat by the defendant that it would institute condemnation proceedings was what forced Mrs. Sawhill to sell and that the threats constituted duress. However, in a similar situation, Beatty v. United States, 168 F.Supp. 204, 206, 144 Ct.Cl. 203, 205–206 (1958), this court said:

> * * * That they were told that, if they did not sell, their property would be condemned, was not duress. This was a mere statement of the inevitable consequence of their refusal to sell. It was a frank statement of an intention to seek a remedy which the law gave. It is never duress to institute or threaten to institute civil suits where the threat to do so is made in the honest belief that a good cause of action exists.

Thus plaintiffs' allegation that Mrs. Sawhill was under pressure to sell does not amount to duress and is not enough to cancel the deed, since the allegation of duress stems from the fact that defendant's agents posed condemnation as an alternative if a mutually satisfactory sales arrangement could not be reached through negotiation—an alternative which they had every legal right to pose.

As another ground for cancellation of the deed, plaintiffs allege that during the negotiations the Government informed Mrs. Sawhill that she was not legally entitled to any compensation for the gravel pit. This, plaintiffs claim, misrepresented Mrs. Sawhill's legal rights and coupled with the fact that the consideration she received for the land was far less than it was worth, provides sufficient grounds for this court to cancel the deed. Defendant denies that any of its agents ever represented to Mrs. Sawhill that she could not be compensated for the gravel pit, and there is nothing beyond the unsupported allegations in the petition to show that defendant misrepresented anything to her. Plaintiffs' information about these statements derives from things Mrs. Sawhill said during her life to one of the daughters. This is not admissible evidence. By rule 49(a) the rules of evidence of the District of Columbia would govern a trial wherever conducted. By 14 D.C.Code § 303 (Supp. V. 1966), 77 Stat. 519, the decedent's statements would be admissible only if given as testimony before her death, which is not the case here. Counsel were frank to state in oral argument that they expected us to infer duress or misrepresentations from the inadequacy of the consideration alone.

Even if the plaintiffs could show misrepresentation of law, we could not grant the relief requested. In the absence of unusual circumstances, representations as to questions of law form no basis for setting aside a contract. Statements to the effect that no separate compensation for the gravel pit would be awarded but that compensation for it would be included only as part of the fee, were true if made and not misrepresentations. See Klein v. United States, 375 F.2d 825, 179 Ct.Cl. 910 (1967), cert. denied, 389 U.S. 1037, 88 S.Ct. 770, 19 L.Ed.2d 824 (1968). That such statements, if made, were subject to misunderstanding or misinterpretation by Mrs. Sawhill is not the fault of the defendant, nor is it a basis for setting aside this instrument. See Beatty, supra, 168 F.

Supp. at 207, 144 Ct.Cl. at 206. Ordinarily one having need of legal advice will retain counsel and not take it from the other side of the negotiating table. Purchase and sale of real estate is a kind of transaction where retention of counsel is ordinary and usual. The relationship of the parties was not such that it was reasonable for one side to have relied on the representations of the other.

■ In support of the inadequate consideration claim, plaintiffs allege that all of the surrounding landowners received approximately the same price for their property, yet none of them owned valuable gravel pits as did Mrs. Sawhill; therefore, the $42,000 figure could not have included compensation for Mrs. Sawhill's gravel pit. Further to support the charge that the consideration was inadequate, plaintiffs point to the fact that the Government was able to sell $25,000 worth of gravel in the few months after it acquired the pit and before it was flooded. But plaintiffs have not by this shown that the Government offers failed to take the gravel pit into account to the extent it enhanced the value of the property as a whole. *Klein, supra;* United States v. Northern Paiute Nation, 183 Ct. Cl. 321, 339, 393 F.2d 786, 796 (1968). In the absence of any fraud or any material misrepresentation of fact, this court will not inquire into the mere adequacy of consideration. Nowhere in plaintiffs' pleadings is there any allegation of fraud and at the oral argument in this case plaintiffs' counsel specifically disavowed any hint of fraud on the part of the Government. Also, the plaintiffs have not alleged any material misrepresentation of fact. Mrs. Sawhill knew of the existence of the gravel pit and the deed specifically mentioned that it conveyed the gravel pit and reserved the right of Mrs. Sawhill to use the pit for over five months after the property was conveyed. Had Mrs. Sawhill been so dissatisfied with the sale price, she could have gone through condemnation proceedings to have the value of the property determined. Mrs. Sawhill was originally willing to take $48,000 for the property and $42,000, the sale price, is not so much lower as to be unconscionable. *Cf.* Nez Perce Tribe of Indians v. United States, 176 Ct.Cl. 815 (1966), cert. denied, 386 U.S. 984, 87 S.Ct. 1285, 18 L.Ed.2d 233 (1967), which plaintiff cites.

■ We assume with plaintiffs, for purposes of argument at any rate, that Mrs. Sawhill's advanced age and limited education were circumstances imposing on defendant's representatives the duty to deal with her with exceptional caution. We might find grounds for rescinding or reforming a contract made by such a person more readily than we would another's. But these factors do not of themselves prove that she was overreached.

■ The essence of plaintiffs' complaint is that Mrs. Sawhill was induced by defendant's representatives to part with a valuable asset "virtually without compensation." It appears, however, that much of the claimed dissatisfaction with the sales price arose after the sale, perhaps even after Mrs. Sawhill's death. Defendant is entitled to purchase property at prices that satisfy the living owners, and is not obliged to please their heirs as well. Dissatisfaction in situations like this cannot be deemed grounds for cancelling a deed. As we have seen, none of the circumstances plaintiffs allege for cancelling the deed when viewed alone constitutes a ground for the claimed relief and neither do all of the circumstances when taken together. The allegations in the pleadings do not support the claimed relief and after learning of the paucity of plaintiffs' proof at the oral argument on this motion, we do not believe that any purpose would be served by sending this case to trial. Plaintiffs have no competent evidence to present at trial which would be decisive if believed, and a trial would only serve to prolong this case. Accordingly, it is determined that defendant is granted summary judgment and that plaintiffs' petition is dismissed.