On May 2,1975 the court issued the following order :
Before CoweN, Chief Judge, Davis and Kashiwa, Judges.
“This tax refund case comes before the court on defend *944 ant’s motion for summary judgment, which contends, that the court lacks jurisdiction over plaintiff’s claim because the petition for refund was not filed in timely fashion in this court. Upon consideration of defendant’s motion and plaintiff’s opposition, the court finds:
“(1) Plaintiff, a New York corporation, was engaged during the period in question in various business activities, many of which stemmed from its merger in 1969 with P. Lorillard Company. Plaintiff’s claim before this court concerns certain taxes assessed and collected by defendant from Federal Tin and Paper Products, Inc. (formerly Federal Tin Company) , at one time a wholly-owned subsidiary of P. Lorillard Company.
“(2) On April 27, 1971, defendant sent by certified mail two Notices of Claim Disallowance, Form BSC-105 (Bev. 5-70) to plaintiff. These notices were addressed to ‘Loew’s Theatres,’ and included reference to the proper tax year, the correct type of tax, and the exact amount of refund sought. Letters with certification numbers identical to the two notices were received in plaintiff’s mailroom on or about April 29, 1971. Instead of being transmitted to plaintiff’s tax department for proper handling, these communications were sent unopened to a secretary in plaintiff’s legal department, where they were either lost or misplaced. Plaintiff did not file its claim in this court until July 1,1974, more than three years after the Notices of Claim Disallowance were properly transmitted to plaintiff.
“(3) Section 6532(a)(1) of the Internal Bevenue Code clearly states that £[n]o suit or proceeding . . . for the recovery of any internal revenue tax . . . shall be begun . . . after the expiration of 2 years from the date of mailing . . . to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.’ The two Notices of Claim Disallowance gave adequate notice to plaintiff, so that the two-year limitations period properly commenced on April 27, 1971. See Smith v. United States, 478 F. 2d 398, 399 (5th Cir. 1973). The delay in filing the claim resulted from internal mishandling by plaintiff. Since plaintiff’s claim was not filed within the period of time allowed *945 by section 6532(a) (1), the court does not have jurisdiction over this matter. '
“it is therefore ordered that defendant’s motion for summary judgment is granted and that plaintiff’s petition be and the same is hereby dismissed.”