"Lloyd Taylor, an attorney with accounting experience, sues here for refund of some $2,557 in taxes paid under the Federal Insurance Contributions Act (§§ 3101 et seq. of the Internal Revenue Code of 1954), plus interest, for 1965 through 1973. His claim is that he 'is a minister in the Libertarian Religious Order’ and that 'it is contrary to plaintiffs religion to contribute to a mandatory government pension plan.’ The defendant has moved for summary judgment on the grounds (among others) that (a) taxpayer failed to file timely refund claims for 1965 through 1970, and (b) as to 1971-1973, limitations has expired since more than two years have elapsed in each instance after the refund claims for those years were rejected.
"We grant the Government’s motion to which plaintiff has not responded. A timely refund claim to the Internal Revenue Service is a necessary prerequisite to a refund suit. Int. Rev. Code, § 7422(a). The Service has been unable to locate any refund claim for 1965-1970 or any indication that any such claims were filed, and taxpayer has been unable to produce any copies of such claims or any proof whatever that he filed any timely claims for that period. The petition must therefore be dismissed as to those years. Bondanza v. United States, 207 Ct. Cl. 945 (1975).
"Taxpayer did file timely refund claims for 1971-1973, but the Service disallowed all of those claims by March 11, 1975. Suit was not brought here until March 21, 1977. This is beyond the two-year period allowed by § 6532(a)(1) of the Internal Revenue Code, and accordingly the court lacks jurisdiction of the claims for 1971-1973. Loew’s Theatres, Inc. v. United States, 207 Ct. Cl. 943 (1975).
*1018 "it is therefore ordered and concluded, without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.”