Taxes; claim for refund; limitations on filing of claim.— On May 16,1980 the court entered the following order:

Madeline G. Dyer, pro se.

Betty N. Ferber, with whom was Assistant Attorney General M. Carr Ferguson, for defendant.
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
This pro se taxpayer seeks a refund of income taxes paid for the 1972 tax year on salary she received while on sick leave. Defendant has filed a motion to dismiss on the ground that we lack jurisdiction because plaintiff failed to file a timely refund claim, as required by I.R.C. §§ 6511(a) and 7422(a).
Plaintiffs claim in this court is factually intertwined with a claim she previously litigated in the United States Tax Court. On her income tax returns for both 1972 and 1973 plaintiff excluded certain payments she had received while on sick leave. The Internal Revenue Service disallowed $2000 of the exclusion for the 1973 tax year and asserted a deficiency of $420. Plaintiff brought suit in the Tax Court and that court found that the taxpayer had properly excluded the full $2000 under I.R.C. § 104(a)(1). After the Tax Court decision in 1979, plaintiff filed an amended return for 1972 seeking to exclude from income all amounts similar to those the Tax Court found excluda-ble for the 1973 tax year. Plaintiffs suit here relies on the same theory.
Plaintiff filed her income tax return for the 1972 tax year on April 2, 1973, and her income taxes for that year were deemed paid by April 15, 1973. See I.R.C. §6513. I.R.C. § 6511 provides that a claim for refund must be filed within three years from the time the return was filed or within two years from the time the tax was paid. Under I.R.C. § 7422(a) we do not have jurisdiction over a tax claim unless a claim for refund or credit has been duly filed with the Secretary in accordance with section 6511. But plaintiff did not file her amended return until almost six years after the filing of her 1972 return and the payment of her 1972 taxes. There is no allegation or indication that anything in the' nature of an informal claim for refund was filed in the intervening *645 years. Accordingly, plaintiffs claim for refund was untimely, and her petition must fail. Taylor v. United States, 215 Ct. Cl. 1017 (1978); Bondanza v. United States, 207 Ct. Cl. 945 (1975).
Therefore, it is ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.