This income tax refund suit is before the court on defendant’s motion to dismiss. Plaintiffs, appearing pro se, have not responded to defendant’s motion and the time allowed for such response has expired. Accordingly, after consideration of this case, without oral argument, we grant defendant’s motion and dismiss the petition.
Eugene F. Looney[1] retired at age 55 on October 31, 1969, after serving 30 years with the Internal Revenue Service (I.R.S.). Thereafter, he began receiving annuity payments from the United States Civil Service Commission (now the Office of Personnel Management).
On July 31, 1974, plaintiff filed a claim for refund of taxes for the years 1971, 1972 and 1973 amounting to $1,286, $1,352.12 and $1,548.01, respectively. Plaintiff based this refund claim on the assertion that because he was disabled at the time he retired, he was entitled to exclude a portion of his retirement benefits from gross income and having failed to do so he had thus overpaid his 1971-1973 income taxes.
In addition, in preparing his return for tax years 1974 and 1975 plaintiff did exclude a portion of his income on the basis of I.R.C. § 105(d) (the sick pay exclusion). The I.R.S., however, disallowed the exclusion for 1974 and 1975. As a result of this disallowance, plaintiff filed a petition in the Tax Court in August 1977, seeking a redetermination of the 1974-1975 deficiency asserted by the I.R.S.
On October 14, 1977, the I.R.S. notified plaintiff by certified mail that his claim for refund for tax years 1971, 1972 and 1973 were disallowed. Plaintiff admits receiving this letter.
Plaintiff continued to pursue his Tax Court action relating to tax years 1974 and 1975; and on March 5, 1980, he was notified by the Office of Personnel Management that his sick pay exclusion was approved. As a result, on March 17, 1980, plaintiff was informed by I.R.S. attorney Alan Summers that the I.R.S. was conceding the sick pay *809 exclusion issue in the Tax Court (i.e., relating to tax years 1974 and 1975).[2] Furthermore, that same day Mr. Summers told plaintiff that the possibility of administratively allowing plaintiffs claims for tax years 1971, 1972 and 1973 would be explored. Nevertheless, on July 22, 1980, plaintiff was advised by Mr. Summers that the refund claim for tax years 1971, 1972 and 1973 would not be allowed because such refund was barred by the statute of limitations, section 6532(a)(1). Thereafter, on July 28, 1980, plaintiff filed the instant petition seeking a refund for the tax years 1971, 1972 and 1973.
Defendant’s motion to dismiss asserts that the petition was not timely filed. The basic statutory scheme for filing a tax refund claim is as follows. Section 7422(a) provides that no suit may be brought until a claim for refund has been properly filed with the Secretary. Section 6511(a) provides that a claim for refund may be filed with the Secretary within 3 years from the time the tax return was filed or 2 years from the time the tax was paid, whichever period expires the later. Section 6532(a)(1) then provides that no suit may begin "before the expiration of 6 months from the date of filing the claim * * *, nor after the expiration of 2 years from the date of mailing by certified mail * * * a notice of the disallowance of the part of the claim to which the suit or proceeding relates.” (Emphasis supplied.).
Plaintiff filed his claim for refund for tax years 1971, 1972 and 1973, on July 31,1974. The I.R.S. mailed its notice of disallowance of said claim on October 14, 1977. Plaintiff did not file his petition here until July 28, 1980. As such, plaintiffs claim is obviously not within the 2-year period provided in section 6532(a)(1). Hence, unless plaintiff can come within some sort of exception[3] to the statute of limitations, his claim is untimely and must be dismissed.
Plaintiff argues that we should estop defendant from asserting this statute of limitations defense. This estoppel argument is premised on the assertion by plaintiff that I.R.S. attorney Alan Summers advised him by telephone *810 that no suit could be filed in district court for tax years 1971, 1972 and 1973, being precluded by the "principle of collateral estoppel inasmuch as [plaintiff] had filed a petition with the Tax Court, 2 % months previously on August 17, 1977 involving the same issue.” Based on this advice, plaintiff alleges he did not file his petition in this court until after receiving the favorable Tax Court decision on May 22,1980.
Mr. Summers, however, asserts by affidavit that plaintiff said in the event he lost the sick pay exclusion issue in the Tax Court, he intended to file a refund claim for tax years 1971, 1972 and 1973. Mr. Summers further alleges he informed plaintiff that, in such an event, the Government would then be able to use the defense of collateral estoppel.
To the extent plaintiff misunderstood Mr. Summers, it is no ground for estopping defendant from raising the defense of the statute of limitations. See Mills v. United States, 187 Ct. Cl. 696, 410 F. 2d 1255 (1969).
Moreover, even if plaintiff did not misunderstand Mr. Summers and he actually had advised plaintiff to refrain from filing his suit, such advice is in contravention of section 6532(a)(1) and 7422(e) and is outside the scope of Mr. Summers’ authority and thus based on the principle set forth in Federal Crop Insurance Corp. v. Merrill, 332 U. S. 380, 384-385 (1947), cannot estop the Government. See Montilla v. United States, 198 Ct. Cl. 48, 457 F. 2d 978 (1972) (a plaintiff is charged with knowledge of statutes and an agent of the Government has no authority to waive or nullify such statutes).
Plaintiff also argues that because the notice of disallowance dated October 14, 1977, referred to "sick pay deduction” instead of exclusion, it could not serve as the legal notice contemplated under section 6532(a)(1). The purpose of the section 6532(a)(1) notice requirement, however, is
* * * to provide the taxpayer with official notification of the Commissoner’s adverse action. So long as the taxpayer receives adequate notice of the Commissioner’s disallowance, no particular form of notice is necessary to start the running of the period of limitations. * * * [Smith v. United States, 478 F. 2d 398, 399 (5th Cir. 1973).] Here, the notice correctly stated the tax years *811 involved, the amount of the refund sought, and the fact that it was disallowed. This is sufficient to provide "adequate notice” that the Commissioner disallowed the claim. Id. Since this was adequate notice, the section 6532(a)(1) time period began to run on October 14, 1977, and the petition is thus untimely.
Accordingly, it is therefore ordered that defendant’s motion to dismiss is granted and the petition is hereby dismissed.

 Mr. Looney’s wife, Rose, is involved in this proceeding solely because a joint return was filed. For simplicity, hereafter only Eugene will be referred to as the plaintiff.

 The Tax Court issued an order on May 22, 1980, finding no deficiency for tax years 1974 and 1975.

 But cf. Taylor v. United States, 215 Ct. Cl. 1017 (1978), and Loew’s Theatres, Inc. v. United States, 207 Ct. Cl 943 (1975).