*603 This case comes before us on defendant’s motion to dismiss.
On October 31,1977, plaintiff entered into a construction contract with the government. On July 31, 1978, plaintiff, on the behalf of Cross Construction Company, a subcontractor of plaintiff, filed with the contracting officer a claim of $67,489. On March 9, 1979, the contracting officer denied the claim except for $5,834.26. On March 4, 1980, plaintiff filed a petition in this court requesting review of the contracting officer’s decision pursuant to section 10(a)(1) of the Contract Disputes Act (the Act). 41 U.S.C. § 609(a)(1) (Supp. II1978).
The government now moves to dismiss on the ground that because plaintiff did not certify its claim under section 6(cXl) of the Act, 41 U.S.C. § 605(cXl), it cannot directly appeal the contracting officer’s decision to this court. That section states:
A contracting officer shall issue a decision on any submitted claim of $50,000 or less within sixty days from his receipt of a written request from the contractor that a decision be rendered within that period. For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.
The Act was enacted on November 1, 1978, and made effective on March 1,1979. It provides that "the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer [on the effective date] or initiated thereafter.” Contract Disputes Act of 1978, Pub. L. No. 95-563, § 16, 92 Stat. 2383 (1978).
The contracting officer’s decision, based on a claim submitted prior to the effective date of the Act, was rendered 8 days after its effective date. Consequently, plaintiff had the option to proceed under the Act and appeal that decision directly to this court. 41 U.S.C. § 609. The narrow question here is whether a contractor who has submitted a claim prior to the effective date of the Contract Disputes Act is required to certify that claim in order to *604 appeal a decision of the contracting officer rendered after the effective date of the Act. We answer that question negatively and, accordingly, deny defendant’s motion to dismiss.
The purposes of the certification requirement are to discourage the submission of unwarranted contractor claims and to encourage settlements. Newell Clothing Company, ASBCA No. 24,482 (Oct. 15, 1980) (opinion by Senior Deciding Group); S. Rep. No. 95-1118, 95th Cong. 2d Sess. 7-8, reprinted in [1978] U.S. Code Cong. & Ad. News 5235, 5241-42. Congress implemented these purposes by making certification a prerequisite to the contracting officer’s rendering a decision on a claim for more than $50,000. 41 U.S.C. § 605(c)(1). "It is manifest from Sec. 6(c)(2) of the Act that until the contractor submits the 6(c)(1) certification, the contracting officer is not obligated to issue a final decision; nor does the clock start ticking on the period allowed for issuing a final decision.” Newell Clothing, supra.
The statute thus requires that to be valid a claim must be properly certified. In defining "claim,” the Defense Acquisition Regulation, promulgated subsequent to the filing of the suit in this court, states:
As used herein, "claim” means a written demand on one of the contracting parties seeking, as a matter of right, the payment of money, adjustment or interpretation of contract terms, or other relief, arising under or related to the contract. However, a written demand by the contractor seeking the payment of money in excess of $50,000 is not a claim unless or until certified as required by (L) below.
DAR § l-314(b)(l) (emphasis added). Similarly, DAR § 1-314(L) states that a "claim over $50,000 shall be certified at the time of submission.”
On July 31, 1978, when plaintiff submitted its claim, there was no requirement that the claim be certified. At the time plaintiff filed the claim, it was valid. The certification requirement did not become operative until 120 days after the enactment of the Act (March 1, 1979). This was 7 months after the plaintiff had submitted the claim and only 8 days before the contracting officer decided it. Plaintiffs *605 claim was still a claim on that date, and the lack of certification did not make it "not a claim” under DAR § 314(b)(1). There is no requirement that a claim be certified after it has been properly submitted. See DAR § 1-314CL).
This result is consistent with the basic purposes of the Act. If plaintiff had submitted the certifying statement on the effective date of the Act, it would neither have attested to the merits of plaintiffs claims nor have promoted settlement, because the contracting officer already had received the evidence.
In summary, when a contracting officer renders a decision after the effective date of the Act on an uncertified claim submitted prior to that date, the contractor may proceed under the Act and appeal to this court.[1]
The defendant’s motion to dismiss is denied, and the case is remanded to the Trial Division.
Defendant’s motion for rehearing and suggestion for rehearing en banc were denied March 6,1981.

 We do not reach the issue whether this court may entertain appeals from the decisions of contracting officers upon uncertified claims submitted after the effective date of the Act.