**KIEWIT/TULSA–HOUSTON,
Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–
Appellee.**

**No. 92–5072.**

United States Court of Appeals,
Federal Circuit.

Dec. 9, 1992.

Allen L. Overcash, Woods & Aitken, Lincoln, NE, argued, for plaintiff-appellant.

Bryant G. Snee, Atty., Commercial Litigation Branch, Dept. of Justice, argued, for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Terrence S. Hartman, Asst. Director and John P. Sholar, Atty. Also on the brief were I. Avrum Fingeret and Thomas West, Office of General Counsel, U.S. Dept. of Energy, Washington, DC, of counsel.

Before ARCHER, MAYER and MICHEL, Circuit Judges.

ARCHER, Circuit Judge.

Kiewit/Tulsa–Houston, a joint venture (KTH), appeals from the judgment of the United States Claims Court, dated January 17, 1992, dismissing for lack of subject matter jurisdiction seven of eight counts of KTH's complaint. *Kiewit/Tulsa–Houston v. United States*, 25 Cl.Ct. 110 (1992). We affirm.

I.

KTH was formed under the laws of Nebraska by written joint venture agreement between Kiewit Industrial Co. (Kiewit) and Tulsa–Houston, Inc. (Tulsa). The purpose of the joint venture, as stated in the agreement, was to bid on and to perform a contract for the construction of an oil pipeline for the United States Department of Energy (DOE).

After completion of the contract, KTH submitted three claim letters, dated June 3, July 15, and July 31, 1987, to the DOE contracting officer (CO) for equitable adjustments and time extensions. In accordance with the Contract Disputes Act of 1978 (Act), 41 U.S.C. § 605(c)(1) (1988), each claim was accompanied by a certification. The claim letters and accompanying certifications were signed by Gordon Nordlund, who held the following positions: Vice President of Kiewit; District Manager of the Power and Process District, an autonomous business unit of Kiewit; General Manager of KTH;[1] representative for

---

1. The United States argues that, although section 5.1 of the joint venture agreement permitted Kiewit to appoint a General Manager, Kiewit offered no contemporaneous evidence that it in fact so appointed Nordlund to this position.

We need not decide whether the Claims Court erred in assuming that Nordlund was General Manager because Nordlund's certification, as such, does not satisfy the requirements of the FAR. *See infra* p. 534.

Kiewit to the KTH policy committee[2] on which Kiewit had a majority of votes; and attorney-in-fact under a limited power of attorney signed by both joint venturers. Nordlund signed two of the claim letters as District Manager, KTH, and one as Vice President, KTH. He signed two of the certifications as Vice President, Kiewit, and one as Vice President, KTH.

After the CO denied all three claims, KTH sued the United States in the Claims Court on July 21, 1988 seeking $9,288,295 on its claims plus interest. The United States moved to dismiss seven of the eight counts of KTH's complaint, corresponding to the claims asserted in the three claim letters, for lack of subject matter jurisdiction. The Claims Court granted this motion because KTH's certification of the claims did not comply with 41 U.S.C. § 605(c)(1) and the Federal Acquisition Regulations (FAR), 48 C.F.R. § 33.-207(c)(2)(ii).[3]

## II.

The Contract Disputes Act requires that for a contract claim against the government totalling more than $50,000:

> the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

41 U.S.C. § 605(c)(1) (1988). The parties agree that because KTH sought over $9 million before the Claims Court, proper certification was statutorily required.

FAR § 33.207(c)(2)(ii), implementing this statutory requirement, provides that the certification of a claim shall be executed by "[a]n officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs." The certification requirement goes to the very "integrity of the federal procurement system and the public fisc," *Universal Canvas, Inc. v. Stone*, 975 F.2d 847, 850 (Fed. Cir.1992), by "triggering a contractor's potential liability for a fraudulent claim under section 604 of the Act and thus discouraging the submission of unwarranted contractor claims," *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426, 1429 (Fed. Cir.1989) (quotations, alterations, and citations omitted).

■ Because a contractor who is not a natural person cannot act except through persons or entities with authority to bind it, the Act clearly requires that the person or entity acting on behalf of the contractor have that authority as to the claim. 41 U.S.C. § 605(c)(1); *see United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 582 (Fed.Cir.1991) (Plager, J., dissenting from refusal to hear case *in banc*), *cert. denied*, ⸺ U.S. ⸺, 112 S.Ct. 330, 116 L.Ed.2d 270 (1991). And, as we have held, such authority standing alone is not enough: the person certifying a claim under FAR § 33.207(c)(2)(ii) must also have general authority over the affairs of the contractor. *Ball, Ball & Brosamer*, 878 F.2d at 1428; *see also Universal Canvas*, 975 F.2d at 849; *United States v. Newport News Shipbuilding and Dry Dock Co.*, 933 F.2d 996, 998 n. 2 (Fed.Cir.1991); *Grumman*, 927 F.2d at 580.

On appeal KTH asserts that its claims were properly certified. In support, KTH advances the same arguments that were rejected by the Claims Court, *viz.*, that Kiewit acting alone had authority under the agreement to bind KTH, and that Nordlund had authority as an officer of Kiewit to act for Kiewit in its capacity as executor of the certification; that Kiewit was a general partner of KTH and had, under the agreement, overall responsibility for KTH's affairs; and, that under the agreement Nordlund as General Manager of KTH was

---

**2.** Section 4.0 of the joint venture agreement established a "policy committee" through which Kiewit and Tulsa were to establish policy for the management of KTH.

**3.** KTH has not contended that the certifications satisfied the requirements of FAR § 33.-207(c)(2)(i) (certification by a "senior company official in charge at the contractor's plant or location involved"). Accordingly, it is not at issue in the present appeal.

an officer of KTH having authority to bind KTH and overall responsibility for its affairs.[4]

Because we agree with the Claims Court's construction of the joint venture agreement, we reject KTH's arguments. The court concluded that neither Nordlund, acting as General Manager of KTH, nor Kiewit, acting (through Nordlund) as joint venturer or as Managing Party of KTH, possessed authority to bind KTH on the claim.

■ First, Kiewit's execution of the certification through Nordlund is inadequate. The Claims Court correctly interpreted sections 5.2[5] and 5.4[6] of the agreement as expressly withholding from any one joint venturer or individual the authority to bind the other party, except pursuant to an express delegation in writing by unanimous vote of both Kiewit and Tulsa. *See Kiewit/Tulsa–Houston*, 25 Cl.Ct. at 118. KTH does not argue that, subsequent and pursuant to the agreement, the joint venturers delegated to Kiewit this authority. The Claims Court also held that "the written agreement prevents the court from finding the requisite authority for Kiewit Industrial Co. to bind the joint venture." *Id.* at 119. Section 5.1[7] of the agreement designating Kiewit as Managing Party expressly states that it is subject to the superior authority of the Policy Committee. KTH does not assert that the Policy Committee, in which Kiewit has a majority voice, ever considered the issue of claim certification or acted to approve certification of the claims. *Id.* at 119 n. 5. The Claims Court

therefore correctly concluded that section 5.1 prevented Kiewit from having authority to certify for KTH. In view of Kiewit's lack of authority to bind KTH by acting alone, we need not decide whether the Claims Court was correct in further concluding that Nordlund lacked sufficient authority within Kiewit to act as agent for the purpose of Kiewit's certifying a claim. *See id.* at 120. Because we perceive no error in the Claims Court's construction, we affirm that Kiewit's signature by Nordlund did not satisfy 41 U.S.C. § 605(c)(1).

■ Second, Nordlund's execution of the certification as General Manager of KTH is inadequate. Section 5.1 of the agreement empowers the Managing Party (Kiewit) to appoint a General Manager "through whom" it shall act. Thus, the power of the General Manager derives from the power of the Managing Party. Indeed, KTH concedes that "Nordlund's authority necessarily is coextensive with Kiewit's authority to act for and bind the joint venture pursuant to the authority delegated to Kiewit as Managing Party under Section 5 of the Agreement." Brief for Appellant KTH at 22. As discussed above, the agreement expressly withheld from Kiewit authority to bind KTH on a claim. Therefore, although Kiewit had authority to appoint Nordlund General Manager of KTH under section 5.1 of the agreement, it could not acting alone delegate to him authority to certify claims. For this reason, Nordlund's signature did not satisfy 41 U.S.C. § 605(c)(1). As the Claims Court concluded, a joint delegation by both Kiewit and

4. Below, KTH also argued that Nordlund's power of attorney included the express power to certify claims on behalf of KTH. *Kiewit/Tulsa–Houston*, 25 Cl.Ct. at 117. KTH does not raise this contention on appeal.

5. Section 5.2 of the agreement provides:
Authority to act for and bind the Parties in connection with all or any part of the performance of the Construction Contract may from time to time be delegated in writing by unanimous vote of all the Parties to any of the Parties and/or to any individual or individuals.

6. Section 5.4 of the agreement provides:
No Party or individual shall have authority to act for or bind the other Parties except in connection with the performance and admin-

istration of the Construction Contract, and then only pursuant to authority delegated according to the provisions of this Section.

7. Section 5.1 of the agreement provides:
Kiewit Industrial Co. is hereby designated as the Managing Party, subject, however, to the superior authority and control of the Policy Committee. The Managing Party shall appoint the General Manager through whom the Managing Party shall have direct charge and supervision of all matters necessary to and connected with the performance of the Construction Contract, except as otherwise provided herein.

Tulsa was required under the parties' agreement to vest Nordlund with this authority.[8] *Kiewit/Tulsa–Houston*, 25 Cl.Ct. at 119–20.

In view of Nordlund's and Kiewit's lack of authority to bind KTH, we need not decide whether the Claims Court was correct in concluding that neither Kiewit nor Nordlund had general responsibility for the contractor's affairs as required by FAR § 33.707(c)(2)(ii).

The Claims Court properly dismissed KTH's claims for inadequate certification.

AFFIRMED.

---

8. This would be consistent with the limited power of attorney executed by the two joint venturers, which delegated specific powers relating to the contract work, but excluded any authority to certify claims. *See Kiewit/Tulsa–Houston*, 25 Cl.Ct. at 113.