The **SADELMI JOINT VENTURE,** Appellant,

v.

John H. **DALTON,** Secretary of the Navy, Appellee.

No. 91–1501.

United States Court of Appeals, Federal Circuit.

Sept. 8, 1993.

J. Stephen Lawrence, Jr., Arnold & Porter, Washington, DC, argued for appellant, The Sadelmi Joint Venture.

S. Lane Tucker, Dept. of Justice, argued for appellee, John H. Dalton, Secretary of the Navy. With him on the brief were Stuart M. Gerson, David M. Cohen and Jeanne E. Davidson. Of counsel was Jennifer Ryan–Franchina, Dept. of Navy.

Before RICH, NEWMAN, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Sadelmi Joint Venture ("Sadelmi JV") appeals the decision of the Armed Services Board of Contract Appeals dismissing Sadelmi JV's appeal on jurisdictional grounds, for failure properly to certify the claim.[1] We reverse the dismissal, and hold that certification on behalf of the joint venture was made in accordance with law.

### Background

Sadelmi JV was a joint venture of Sadelmi Cogepi, S.p.A., an Italian corporation, and Sadelmi New York, Inc. Both joint venture partners were subsidiaries of the General Electric Company. The purpose of the joint venture was to bid on and perform a contract for the construction of military housing units at Comiso Air Station in Sicily, Italy. Mr. Giorgio Orsi, the managing director of Sadelmi Cogepi and its chief executive officer, executed the contract with the Navy on behalf of Sadelmi JV.

The joint venture agreement provided that the venture would have a three-member Management Committee. The representatives of the two joint venture partners were voting members: Mr. Orsi for Sadelmi Cogepi, and Mr. Robert Hemler, the president and chief executive officer of Sadelmi New York. The third, non-voting member was the Project Manager for the entire project. The Management Committee was required to meet at least twice a year, and to make policy decisions on such matters as insurance coverage, contract interpretation, and the procedures to be followed in budgeting, accounting, procurement, and construction. All decisions were to be by agreement of the two voting members, with any differences to be decided by an official of the General Electric Company.

In the course of contract performance, Sadelmi JV submitted certain claims to the

---

1. *Sadelmi Joint Venture*, ASBCA No. 41025, 91–3 B.C.A. (CCH) ¶ 24,103, 1991 WL 121263 (1991).

Navy's Contracting Officer. The claim here at issue exceeded $50,000, and certification was required in accordance with the Contract Disputes Act[2]. The certification was executed "SADELMI JOINT VENTURE, by [signature] Giorgio Orsi". The execution matched that on the contract with the Navy.

The claim was not decided by the Contracting Officer within 60 days, and Sadelmi JV duly appealed this constructive denial to the Board in accordance with 41 U.S.C. § 605(c)(5). On the government's motion the Board dismissed the appeal on the ground that the certification was improperly made, in that the certification statement should have been signed by both Mr. Orsi and Mr. Hemler. The Board relied on the Federal Acquisition Regulation then in effect, which required certification by either

(i) a senior company official in charge at the contractor's plant or location involved; or

(ii) an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

48 C.F.R. § 33.207(c)(2). The Board held that Mr. Orsi met neither subsection (i), since he was not in charge at the location of contract performance, nor subsection (ii), the Board holding that it was the Management Committee that had "overall responsibility" for the conduct of the joint venture's affairs, and not either joint venture partner. The Board held that the signatures of both of the voting members of the Management Committee were required on the certification.

The Board concluded that it lacked jurisdiction to reach the merits of the claim. *See United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 579 (Fed.Cir.) (certification of a claim in excess of $50,000 is a jurisdictional prerequisite for adjudication of the claim under the Contract Disputes Act), *cert. de-* nied, —— U.S. ——, 112 S.Ct. 330, 116 L.Ed.2d 270 (1991); *Ball, Ball & Brosamer, Inc. v. United States*, 878 F.2d 1426 (Fed.Cir. 1989).

### *Purpose of Certification*

The purpose of the certification requirement in the Contract Disputes Act is to "'discourag[e] the submission of unwarranted contractor claims.'" *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352, 354 (Ct.Cl.1982) (quoting S.Rep. No. 1118, 95th Cong., 2d Sess. 5 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5235, 5239). The certifier must represent, *inter alia*, that the claim accurately reflects the contractor's estimate of the amount in dispute. *W.H. Moseley Co. v. United States*, 677 F.2d 850, 852, 230 Ct.Cl. 405, *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982).

The certification requirement was apparently designed to support invocation of the penalties of 41 U.S.C. § 604 for making fraudulent claims,[3] *see Ball, Ball & Brosamer*, 878 F.2d at 1429, as well as to eliminate the filing of inflated claims. *See Joint Hearings on S. 2292, S. 2787 & S. 3178 Before the Subcomm. on Federal Spending Practices and Open Government of the Senate Comm. on Governmental Affairs and the Subcomm. on Citizens and Shareholders Rights and Remedies of the Senate Comm. on the Judiciary*, 95th Cong., 2d Sess., 6–7 (1978). Some commentators have related the certification requirement to criminal prosecution under 18 U.S.C. § 1001 for knowingly submitting false information to a federal agency. However, since it is the underlying falsity of the statements that gives rise to criminal liability, *see, e.g., United States v. Race*, 632 F.2d 1114, 1116 (4th Cir.1980), the requirement of certification has been criticized as unnecessary for this purpose. *See J. Lovitky, Frequently Encountered Problems With*

---

**2.** 41 U.S.C. 605(c)(1).

... For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

**3.** 41 U.S.C. § 604. If a contractor is unable to support any part of his claim and it is determined that such inability is attributable to misrepresentation of fact or fraud on the part of the contractor, he shall be liable to the Government for an amount equal to such unsupported part of the claim in addition to all costs to the Government attributable to the cost of reviewing said part of his claim.

*Certification of Claims Under the Contract Disputes Act,* 16 Pub.Cont.L.J. 511 (1987). Although the penalties of § 604 appear to be available without certification, the certification requirement of § 605(c)(1) is part of the congressional plan with respect to contractor claims. *Paul E. Lehman,* 673 F.2d at 354–56. *See generally Skelly and Loy v. United States,* 685 F.2d 414, 231 Ct.Cl. 370 (1982).

### The Joint Venture

■ A joint venture is "generally an association of persons by way of contract to engage in and carry out a single business adventure for joint profit, combining their efforts, property, money, skill and knowledge without creating a partnership or a corporation." *Lentz v. United States,* 346 F.2d 570, 575, 171 Ct.Cl. 537 (1965). It has been aptly described as a partnership created for a limited purpose; a joint venture entails legal consequences similar to those of a partnership. *Pine Products Corp. v. United States,* 945 F.2d 1555, 1560 (Fed.Cir.1991); *Gramercy Equities Corp. v. Dumont,* 72 N.Y.2d 560, 534 N.Y.S.2d 908, 531 N.E.2d 629 (1988).

■ The general rule is that each member of a joint venture has the authority to act for and bind the enterprise, absent agreement to the contrary:

> In general, a joint adventure ... has many of the elements of the traditional partnership in that either of the venturers may bind the enterprise by contracts which are within the scope of the business enterprise, and within that scope any one of the parties is authorized to act for the others.

*Lentz,* 346 F.2d at 575. Joint venturers may allocate the tasks of the venture. In the Sadelmi JV, Sadelmi New York was responsible for obtaining the manufactured housing and shipping it to Italy, and Sadelmi Cogepi was responsible for improvements at the site and the installation of the manufactured housing. This division of responsibility was set forth in the contract between the Navy and the joint venture. However, the allocation of tasks as between the venturers does not control whether Mr. Orsi, the chief executive officer of one of the joint venturers, can certify a claim made under the contract, whether as a matter of law or by agreement of the venture partners.

■ In accordance with the law governing joint ventures and the specific arrangements of this joint venture, as confirmed by the affidavits on behalf of each of the venturers, Mr. Orsi was authorized to bind the contractor with respect to the claim. This authorization derives further support from Mr. Orsi's status as managing director of Sadelmi Cogepi, his designation to the Management Committee of the joint venture, the agreement of the venture partners, and Mr. Orsi's execution of the contract with the government.

Mr. Orsi's position met the requirements of 48 C.F.R. § 33.207(c)(2)(ii), for he was an officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs. The affidavits of both Mr. Orsi and Mr. Hemler state that Mr. Orsi had authority to bind the venture. We have mentioned that Mr. Orsi was the sole signatory for the joint venture to the contract; his authority to bind the joint venture has never been questioned by the Navy. That only Mr. Orsi signed the contract for the joint venture is in accord with joint venture law. The Sadelmi Joint Venture Agreement did not prohibit such action by a joint venture partner. Compare *Kiewit/Tulsa–Houston v. United States,* 981 F.2d 531 (Fed. Cir.1992), wherein the joint venture agreement was explicit in providing that neither partner had authority to bind the venture. The Sadelmi joint venture's Management Committee, upon which the government places great emphasis, indeed set the rules of administration of the venture by agreement of the partners; but this did not divest the partners of their authority and responsibility to conduct the business of the joint venture. Further, the contract between Sadelmi and the Navy requires that if the contractor is made up of more than one entity, each such entity shall be jointly and severally liable under the contract. The joint venture agreement as amended expressly acknowledges the "joint and several obligations undertaken with the [Navy]".

The government expresses concern that, by not signing the certification, one joint

venturer may escape potential criminal or civil liability. We take note of the inconsistency of the government's position in this case with its position in *American Export Group International Services, Inc./Zublin Delaware, Inc., A Joint Venture*, ASBCA No. 42616, 93–1 B.C.A. (CCH) ¶ 25,373, 1992 WL 215169 (1992), wherein the Board rejected the government's argument that signature by officers of both joint venture partners would dilute the responsibility of either one of them. Indeed, these cases illustrate the "wasteful and esoteric litigation" that was deplored by Congress in enacting remedial legislation.[4]

We conclude that the claim was properly certified. The decision of the Board is reversed.

Costs to Sadelmi JV.

*REVERSED.*

---

**4.** In 1992, referring to "[w]asteful and esoteric litigation", H.R.Rep. No. 1006, 102d Cong., 2d Sess. 28 (1992), *reprinted in* 1992 U.S.C.C.A.N. 3921, 3937, Congress amended the Contract Disputes Act as follows:
  'A defect in the certification of a claim shall not deprive a court or an agency board of contract appeals of jurisdiction over that claim....

(7) The certification required [by the Contracts Disputes Act] may be executed by any person duly authorized to bind the Contractor with respect to the claim.
Pub.L. No. 102–572 § 907, 106 Stat. 4518 (1992) (codified at 41 U.S.C. § 605(c)(6), (7)).