107 F.3d 30
 41 Cont.Cas.Fed. (CCH) P 77,019
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BellincCo, INC., and A-1 Construction Co., Inc. d/b/a A-1
BellincCo, Inc., Appellants,
v.
Bruce BABBITT, Secretary Department of Interior, Appellee.
 No. 96-1117.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1996.
 
 Before RICH, SCHALL, and BRYSON, Circuit Judges. SCHALL, Circuit Judge.
 
 DECISION
 
 1
 A-1 BellincCo, Inc. ("A-1 BellincCo") appeals from the decision of the United States Department of Interior Board of Contract Appeals (the "Board") dismissing its appeal for lack of jurisdiction. Appeal of BellincCo, Inc., No. IBCA 3398 (May 24, 1995). We affirm.
 
 DISCUSSION
 I.
 
 2
 A-1 BellincCo was a joint venture formed by A-1 Construction Co. ("A-1") and BellincCo., Inc. ("BellincCo"). The purpose of the joint venture was to perform a contract with the National Park Service to replace and repair roofing on certain buildings in Everglades National Park. Under the joint venture agreement, a two member committee consisting of Vince Bell from BellincCo and Edgar Roberts from A-1 was formed to manage A-1 BellincCo. The agreement was silent as to whether a Committee member, acting alone, could bind or act for the joint venture. The agreement did state, however, that the Committee had "full and complete authority" to act on behalf of the joint venture.
 
 
 3
 On April 8, 1994, the Park Service issued a cure notice threatening to terminate the contact if certain deficiencies on A-1 BellincCo's part were not corrected. In an April 22, 1994 letter, Mr. Bell submitted a proposal to cure the deficiencies. On April 29, 1994, the Park Service terminated the contract for default.
 
 
 4
 On June 17, 1994, Mr. Bell appealed the default termination to the Board. As the Board noted in its decision, the appeal "identified the appellant as 'the joint venture of BellincCo Inc. and A-1 Construction Company, Inc.,' but then expressly stated that the appeal was only 'on behalf of BellincCo Inc.' rather than on behalf of the Joint Venture. It was signed 'BellincCo Inc.' by 'Vince Bell, Majority Partner, 8(a) Partner.' " In response to the Board's questioning his authority to submit the appeal, Mr. Bell stated that he was acting as agent for the joint venture. A-1 advised the Board, however, that it was not joining in the appeal. In due course, after receiving submissions from the parties, the Board concluded that it did not have jurisdiction because Mr. Bell did not have authority to file the appeal on behalf of the joint venture. Accordingly, it dismissed the appeal. Subsequently, it denied A-1 BellincCo's request for reconsideration. This appeal followed.
 
 II.
 
 5
 A-1 BellincCo argues that the Board's opinion runs afoul of the language in Sadelmi Joint Venture v. Dalton, 5 F.3d 510 (Fed.Cir.1993), which states in dictum that "[t]he general rule is that each member of a joint venture has the authority to act for and bind the enterprise, absent agreement to the contrary...." Id. at 513. Rules of general applicability do not come into play in this case, however, because A-1 and BellincCo specifically granted to the Committee the "full and complete" authority to act on behalf of the joint venture.
 
 
 6
 A-1 BellincCo's arguments that the joint venture agreement left open the option for someone other than the Committee to bind the joint venture are without merit. The contention that the grant to the Committee of "full and complete" authority did not divest A-1 and BellincCo of the right to bind the joint venture is contrary to the literal interpretation of the phrase "full and complete." Finally, A-1 BellincCo's attempt to transform the joint venture into a partnership by citing the reference in the agreement to Georgia Partnership Law is unpersuasive in light of the facts that (1) the reference refers only to the manner in which the joint venture is to be dissolved and (2) paragraph 15 of the agreement specifically states that "[n]othing herein shall be construed to create a general partnership."[1]
 
 
 7
 Because the Committee alone had full and complete power to act on behalf of the joint venture, and because the Committee did not delegate this power to Mr. Bell, we hold that the Board did not err in concluding that Mr. Bell did not have authority to appeal the default termination and that, accordingly, the Board was without jurisdiction. See Kiewit/Tulsa-Houston v. United States, 981 F.2d 531, 534 (Fed.Cir.1992) (holding that the United States Claims Court did not err in dismissing for lack of jurisdiction seven of eight counts in Kiewit/Tulsa Houston's complaint, on the ground that a claim certification signed by Kiewit as one member of the joint venture was ineffective for purposes of the Contract Disputes Act, where Kiewit did not have authority to bind the joint venture because only the Policy Committee, in which Kiewit had a majority voice, was specifically granted the necessary authority and it never delegated such authority to Kiewit).
 
 
 8
 Each party shall bear its own costs.
 
 
 
 [1]
 We also find A-1 BellincCo's argument that the SBA regulations required that Mr. Bell have authority to act for, and bind, the joint venture to be without merit