# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Edward Hayes, as Liquidator of Base ) | ASBCA Nos. 59829, 59907 |
|   Operation Services GmbH ) | |
| ) | |
| Under Contract Nos. DABN01-03-C-0025 ) | |
|            W912PE-04-D-0001 ) | |

APPEARANCES FOR THE APPELLANT:     William F. Savarino, Esq.
                                          Andrew K. Wible, Esq.
                                            Cohen Mohr LLP
                                            Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                            Army Chief Trial Attorney
                                            CPT Matthew A. Freeman, JA
                                            MAJ Michael G. Pond, JA
                                            Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE WOODROW
## ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant raises two arguments in its motion for reconsideration of our earlier decision, *Edward Hayes, as Liquidator of Base Operation Services GmbH*, ASBCA Nos. 59829, 59907, 16-1 BCA ¶ 36,412. First, appellant contends that the Board applied the incorrect legal standard when it treated appellant's motion to dismiss as a motion for summary judgment (app. mot. at 2-3). Second, appellant argues that the Board erred when it declined to rule on whether the contractor, Base Operation Services GmbH (BOS), lacked the capacity to sue or be sued at the time the contracting officer issued her final decision (*id.* at 3-10).

In deciding a motion for reconsideration, the standards the Board applies are whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Precision Standard, Inc.*, ASBCA No. 58135, 16-1 BCA ¶ 36,504 at 177,859. Reconsideration is not intended to provide a party with the opportunity to reargue an issue that already has been raised and decided. *Computer Sciences Corporation*, ASBCA Nos. 56168, 56169, 09-2 BCA ¶ 34,261 at 169,283. The moving party must show a compelling reason why the Board should modify its decision. *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041.

We hold that the Board correctly treated appellant's motion as a motion for summary judgment. Moreover, because BOS is a German corporate entity formed by a

joint venture between SKE International GmbH, a German entity (SKE), and Burns & Roe Services Corp., an American entity, we further hold that the Board has an obligation to determine its own jurisdiction by examining the joint venture agreement between the joint venture parties. Specifically, we must examine whether either joint venture partner remained liable for the debts and obligations of the joint venture following the dissolution of the corporate joint venture entity. Therefore, even if we accepted as true appellant's factual allegations and evidence of German legal principles, we would reach the same conclusion: that the record before us is insufficient to determine whether the Board possesses jurisdiction to entertain this appeal.

## I. The Board Applied the Correct Legal Standard

Appellant admits that it stated in its original motion that it sought a dismissal for failure to state a claim upon which relief may be granted (app. mot. at 2). Appellant also acknowledges that its motion relied on matters outside the pleadings, including evidence of principles of foreign law (*id.*). Despite this, appellant claims that the Board "misapprehended" (*id.* at 1) its argument and that the Board "elevate[d] form over substance" when it treated its motion as a motion for summary judgment (app. reply br. at 3).

We disagree. Although appellant claims to be seeking a jurisdictional ruling by styling its motion as one for dismissal, appellant really seeks a ruling on the contractor's capacity to be sued (app. mot. at 1). If all that appellant seeks is dismissal of the appeal, it voluntarily could dismiss its appeal and leave the government to seek enforcement of the contracting officer's final decision through other means. Instead, appellant asks the Board to rule on whether the government's claim is a nullity on the grounds that the contractor lacked the capacity to be sued at the time the contracting officer issued her final decision (*id.*).

As the United States Court of Federal Claims held in *Adelsberger v. United States*, a motion addressing a party's capacity to sue, which relies on matters outside the pleadings and does not challenge subject matter jurisdiction, should be treated as a motion for summary judgment. 58 Fed. Cl. 616, 617 (2003) (applying summary judgment standard in holding that plaintiff who died prior to filing suit was not a proper party with the capacity to sue, and thus his action was a nullity). As we explained in our initial ruling, and as further set forth below, the record before us does not provide sufficient evidence to rule on the contractor's capacity to be sued.

The cases relied on by appellant do not support its position. In *WorleyParsons Int'l, Inc.*, ASBCA No. 57930, 14-1 BCA ¶ 35,482 at 173,960, the Board did not address the issue of whether the contractor possessed the capacity to be sued, but instead ruled that the government's claim was a nullity because it was asserted against an entity that was not the CDA contractor. Specifically, the Board examined the terms of the agreement between two joint venture partners and concluded that the partners

intended the joint venture to be a separate legal entity, distinct from each of its partners.

In this appeal, appellant's German law expert does not address the terms of the joint venture agreement, nor does he discuss the principles of German partnership law. Therefore, it is impossible to evaluate BOS's joint venture status under German law on the record before us.

*Instruments & Controls Service Co.*, ASBCA No. 38322, 89-3 BCA ¶ 22,237 at 111,794, likewise dealt with procedural defects of the government's claim, not with the contractor's capacity to be sued. As in *WorleyParsons*, it was not necessary for the Board to conduct a factual inquiry into the contractor's capacity to be sued, nor was it necessary for the Board to determine questions of foreign law in order to address whether the Board possessed jurisdiction to entertain the government's claim.

In this appeal, there is no allegation that the government's claim was procedurally defective. Instead, appellant seeks a ruling on the contractor's capacity to be sued, a matter requiring an evidentiary and factual evaluation of the contractor's corporate existence as well as its status under applicable law. This evaluation necessary relies on matters outside the pleadings as well as on evidence of principles of foreign law.

In determining questions of foreign law, we follow Board Rule 6(c) which, in turn, reflects Federal Rule of Civil Procedure (FED. R. CIV. P.) 44.1. *Gesellschaft Fuer Fertigungstechnik u. Maschinenbau AG*, ASBCA No. 24816, 81-1 BCA ¶ 14,924 at 73,847. Under FED. R. CIV. P. 44.1 and Board Rule 6(c), determinations of foreign law are treated as questions of law. We may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The rule provides a considerable degree of discretion in determining the appropriate method for ascertaining what the foreign law is, whether it be by independent research or reliance on the parties. *See Twohy v. First National Bank of Chicago*, 758 F.2d 1185, 1191-95 (7th Cir. 1985). In this appeal, appellant's expert opinion regarding German law simply does not address the issues necessary to determine whether BOS possessed the capacity to be sued at the time the contracting officer issued her decision. Therefore, we reach the same conclusion as we did in our earlier opinion.

## II.  The Board Properly Held that the Record is Insufficient to Resolve Whether BOS Possessed the Capacity to be Sued

In its motion to dismiss, appellant focuses its entire argument on the status of BOS GmbH's corporate existence, under German law, at the time of the contracting officer's final decision (app. mot. at 4-6). This focus ignores the fact that BOS GmbH is a German corporate entity formed by a joint venture between SKE International

3

GmbH, a German entity, and Burns & Roe Services Corp., an American entity (app. mot. at 2).

The Board possesses the discretion to evaluate its own jurisdiction at any time by examining and interpreting the joint venture agreement between joint venture partners. In *Sarang-Nat'l Joint Venture*, we rejected an argument that the Board's jurisdiction was limited to interpreting contracts with the government, holding that the Board may evaluate its own jurisdiction at any time by interpreting a joint venture agreement. ASBCA No. 54992, 06-1 BCA ¶ 33,232 (citing *Marshall N. Dana Constr., Inc. v. United States*, 229 Ct. Cl. 862, 865 (1982); *Rosinka Joint Venture*, ASBCA No. 48143, 97-1 BCA ¶ 28,653 (interpreting joint venture agreement to authorize the general director of a multinational joint venture to initiate legal proceedings); *American Export Group Int'l Servs., Inc./Zublin Delaware, Inc., A Joint Venture*, ASBCA No. 42616, 93-1 BCA ¶ 25,373 (interpreting joint venture agreement to permit managing partner to conduct business on behalf of the joint venture without the authorization of the other partner)).

As the Federal Circuit explained in *Sadelmi Joint Venture v. Dalton*, a joint venture is a "partnership created for a limited purpose." 5 F.3d 510, 513 (Fed. Cir. 1993) (citing *Lentz v. United States*, 346 F.2d 570, 575, 171 Ct. Cl. 537 (1965)). As such, it is governed by the law applicable to partnerships, rather than corporations. *Pine Prods. Corp. v. United States*, 945 F.2d 1555, 1560 (Fed. Cir. 1991) (holding that general principles of partnership law are applicable to joint ventures); *see also American Export Group*, 93-1 BCA ¶ 25,373 (holding that nature of a joint venture is similar to a traditional partnership).

In this appeal, the salient question is not whether BOS GmbH lacked the capacity to be sued after 17 October 2014, but whether either joint venture partner remained liable for the debts and obligations of the joint venture following the dissolution of the corporate joint venture entity. *See Pine Prods.*, 945 F.2d at 1560 (holding that under general partnership law, a partner is jointly and severally liable for obligations and debts of the partnership).

Indeed, BOS's status as a joint venture raises a host of questions, none of which can be answered on the record before us. First, is there a written joint venture agreement setting forth the relative rights and responsibilities of the two joint venture partners? If so, what does it provide regarding each partner's obligation to contribute money back into the company to pay a government claim?

Appellant asserts, without support, that BOS's members had no obligation under BOS's governing documents to contribute money back into the company to pay a government claim, had the claim been asserted prior to BOS's dissolution (app. mot. at 7). Notably, appellant has not produced any of the joint venture's governing documents, making it impossible for the Board or the government to evaluate the truth

4

of this assertion. Moreover, reviewing the joint venture agreement, if one exists, could shed light on whether the partnership between SKE and Burns & Roe survived the dissolution of BOS, the corporate entity created by the joint venture.

Finally, even if we were to treat appellant's motion as a motion to dismiss and accept as true appellant's allegations and its expert's opinion on German law, we would reach the same conclusion – that the record before us is insufficient to determine whether BOS possessed the capacity to be sued at the time the contracting officer issued her final decision.

Finally, discovery also is appropriate to determine whether BOS breached the duty of good faith and fair dealing *before* it dissolved, by failing to inform the government of its intentions and by depriving the government of its audit rights under the contract.

For these reasons, we deny appellant's motion for reconsideration.

Dated: 27 February 2017

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59829, 59907, Appeals of Edward Hayes, as Liquidator of Base Operation Services GmbH, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
