This case comes before the court on defendant’s motion for summary judgment and for an order dismissing the petition for lack of jurisdiction, considered together with plaintiffs opposition thereto, without oral argument. The suit is brought pursuant to Section 10 of the Contract Disputes Act of 1978, Pub. L. No. 95-563, 41 U.S.C. § 609, and/or by the Tucker Act, 28 U.S.C. § 1491, appealing a contracting officer’s final decision dated October 10, 1979. Involved in the case are disputed liquidated damages assessed under Contract No. 8-07-10-S0061 ("contract”), between the plaintiff and the Department of Interior, Bureau of Reclamation.
The issue before us is whether plaintiff may elect to proceed in this court under Pub. L. No. 95-563, after having filed a notice of appeal which was docketed in the Board of Contract Appeals (board). Section 10 of the Contract Disputes Act allows a contractor to bring an action on his claim directly to this court in lieu of appealing the final decision of the contracting officer to an agency board. Plaintiff has not followed undeviatingly the provisions of Section 10 and we must decide whether or not plaintiff is therefore precluded from proceeding in this court. We hold that in this instance, and because of the circumstances present in this case, plaintiff is not precluded.
The pertinent facts of the case are as follows. The contracting officer’s final decision was dated October 10, 1979, and in the decision he advised plaintiff of its right to appeal to the Interior Board of Contract Appeals ( ibca ) but not of its right to appeal directly to this court. On October 31, 1979, the plaintiff filed its notice of appeal, which was docketed by the board on November 14, 1979. Plaintiff did not complete or file the complaint that board procedure would have next required. Plaintiff elected to proceed under Pub. L. No. 95-563 on February 19, 1980, and filed its petition in this court on February 21, 1980. On February 21, 1980, plaintiff filed with the board a motion for dismissal *597 without prejudice. Counsel for the government advised the board that it had no objection to the motion to dismiss on March 4, 1980, if the board determined that the option to sue in the Court of Claims still remained open. On March 18, 1980, the board issued an order dismissing the appeal without prejudice. It said it would reinitiate the appeal if we declined to take jurisdiction. In May of 1980, defendant answered plaintiffs petition in this court and the trial judge issued his pretrial order. In June of 1980, plaintiff served defendant informally with a set of interrogatories and a request for production of documents and defendant amended its answer. In July of 1980, defendant responded to plaintiffs discovery requests and plaintiff filed its pretrial statements. On December 15, 1980, defendant filed this motion for summary judgment and motion to dismiss.
Defendant’s main argument in support of its motion to dismiss is that since plaintiff ''elected” to avail itself of an appeal to the agency board of contract appeals, this court’s jurisdiction to hear plaintiffs claim is now limited to the appellate jurisdiction vested by Section 8(g)(1) of the act [41 U.S.C. § 607(g)(1)(Supp. II, 1978)], and a direct appeal under Section 10(d) is no longer available to plaintiff. Defendant relies on the statutory provision which allows direct appeal to this court only in lieu of an appeal to the agency board of contract appeals. It relies on the doctrine of strict construction of the consent to be sued. United States v. Mitchell, 445 U.S. 535 (1980), and earlier cases.
However, on the facts before us, it does not appear that plaintiff initially "elected” to appeal to the Board. Defendant cites and relies on the legal definition of "election” according to Professor Williston in 5 A S. Williston, a treatise on the law of contracts, § 683 at 269-70 (3d ed. 1961) and also 25 Am. Jur. 2d election of remedies § 1 at 646-47 (1966). And both of these authoritative sources define "election” as choosing between two or more different and coexisting modes of procedure. But the board is the best judge of its own procedures. In the proceedings at issue here, plaintiff made no informed election in October 1979 since it had not been informed of the recently enacted provisions of Pub. L. No. 95-563 and proceeded to appeal to what appeared to be its only forum, the board. When the *598 "election” was made later in February of 1980, plaintiffs choice was to proceed to trial in this court in lieu of an appeal to the board. The rule of strict construction of the consent to be sued is not for application when the issue to be decided is which of two consents is to be chosen as the one applicable, it being conceded that one or the other can be invoked.
We also find persuasive on plaintiffs behalf, the fact that defendant raised no objection to the dismissal without prejudice from proceedings before the IBCA and went forward with pretrial proceedings in this court in May of 1980 and delayed filing its motions to dismiss and for summary judgment until December 15, 1980. Defendant was not prejudiced and does not allege prejudice because of plaintiffs dismissal without prejudice from the board and appeal to this court.
Even though plaintiffs appeal to the board had been docketed, the proceedings there had not commenced. A civil action is commenced by the filing of a complaint, even where the action is brought by or against the United States or an officer or agency thereof. 2 Moore’s Federal Practice ¶ 3.02 [1] (1980); United States to use of Foster Wheeler Corp. v. American Surety Co., 25 F.Supp. 700 (E.D.N.Y. 1938) (Tucker Act). Rule 3 of the Federal Rules of Civil Procedure is dispositive with no need for reference to Contract Appeals Decisions, IBCA Rules of Practice (CCH) ¶ 495 (1980). Plaintiff did not file a complaint with IBCA, so proceedings before the board never commenced.
For all of the above reasons, we deny defendant’s motion to dismiss and motion for summitry judgment.
it is therefore ordered, that defendant’s motion to dismiss and motion for summary judgment are denied, and the cause is remanded to the trial division for further proceedings.