The two cases before us are part of an extensive litigation brought in this court by Gregory Lumber Company (Gregory), stemming from contracts to purchase standing timber from the government. Although plaintiff presents separate and distinct claims in each of the two cases before us, the government has moved for summary judgment in both cases on the ground that plaintiff made a binding election by appealing the Contracting Officer’s adverse decision to the Department of Interior Board of Contract Appeals, which therefore precludes plaintiff from obtaining "direct access” review in this court of the Contracting Officer’s decision under the Contract Disputes Act of 1978, 41 U.S.C. §§601-613 (Supp. Ill 1979). Because the issue presented by the government’s dispositive motions in the two cases is identical, we have consolidated the two cases for the purpose of ruling upon both motions in a single order. Having reviewed the submissions of the parties, we conclude that plaintiff has not made a binding election before the Board of Contract Appeals under the Contract Disputes Act. We therefore remand the two cases to the Trial Division for further proceedings including, but not limited to, plaintiffs claims under the "direct access” provision of the Contract Disputes Act. Id. §609(a)(l).
*746 The facts in the two cases are similar. In 1976 Gregory entered into contracts with the Bureau of Land Management of the United States Department of Interior for the purchase of standing timber located in Oregon. One of these contracts, which provides the basis for the claim in No. 532-80C, was for timber on the Simonsen Road tract and stated a purchase price of $554,546. Another contract, which provides the basis for the claim in No. 626-80C, was for timber on the Collins Creek tract and stated a purchase price of $393,263. Gregory has alleged that the volume of timber stated in the Timber Sale Notices and reflected in the contracts was inaccurate, and that Gregory has overpaid the government and sustained other damages in connection with its timber purchases.
In separate letters to the Contracting Officer dated February 5 and February 13, 1979,[1] Gregory requested decisions on its claims regarding the alleged inaccuracies in the timber volume. The claims were individually denied by the Contracting Officer by letter. Gregory then filed separate appeals for its Simonsen Road claim and its Collins Creek claim with the Department of Interior Board of Contract Appeals. However, on March 12, 1980 an event critical to our disposition of this case occurred when both appeals were dismissed without prejudice pending a decision by this court regarding the applicability of the Contract Disputes Act to contracts for the sale of standing timber. Slightly more than two months after the dismissals without prejudice, this court rendered its decision in Everett Plywood Corp. v. United States, 227 Ct. Cl. 415, 651 F.2d 723 (1981), in favor of coverage. Gregory then timely filed the separate petitions which are now before us, seeking ’’direct *747 access” review under the Contract Disputes Act of the adverse decisions of the Contracting Officer.
In its motions for summary judgment, the government asserts that Gregory is barred from now bringing its "direct access” suits in this court on the ground that it made binding elections under the Act to submit these two claims to the Department of Interior Board of Contract Appeals.[2] Citing our decision in Tuttle/White Constructors, Inc. v. United States, 228 Ct. Cl. 354, 656 F.2d 644 (1981), as binding precedent which governs this case, the government argues that Gregory made an informed and timely election to the Board of Contract Appeals which mandates a dismissal of the two petitions before us.
We disagree with the government’s position. This court’s recent order in another of the Gregory cases, Gregory Lumber Co. v. United States, 229 Ct. Cl. 762 (1982), provides compelling support for the view that plaintiffs appeals to the Board, which were dismissed without prejudice pending resolution of an important jurisdictional question, do not constitute binding elections under the Contract Disputes Act. When plaintiff filed its appeals with the Board in October and December of 1979, it was attempting to protect its rights at a time when the coverage of the Contract Disputes Act was far from settled. As we noted in our January 8, 1982 order in Gregory, "Though plaintiff assumed and contended (in its appeal to that Board) that the Board of Contract Appeals had jurisdiction, the choice to appeal there was not a true election if one takes account of the real uncertainty prevailing during that period.” 229 Ct. Cl. at 765. In view of the uncertainty facing plaintiff, it would be unduly harsh to conclude that by filing its appeals with the Board plaintiff made an informed election which now precludes its present "direct access” claims.
Our decision in Tuttle/White, supra, was based upon facts easily distinguishable from those now before us. In Tuttle/White, plaintiff was fully aware of its right to proceed under the Contract Disputes Act, but instead chose to *748 proceed under the disputes clause in the contract rather than the new Act. We found that at the time plaintiff filed its appeal with the Board of Contract Appeals it made "no objection nor indicated any desire on its part to pursue its claim in this court under the Contract Disputes Act.” 228 Ct. Cl. at 356, 656 F.2d at 646. Moreover, after filing an appeal with the Board, the Tuttle/White plaintiff voluntarily dismissed its appeal with prejudice, in anticipation of reaching an amicable settlement with defendant. In view of these facts, we found that the Tuttle/White plaintiff had made an election and was thus precluded from obtaining "direct access” review of the Contracting Officer’s decision in this court under the Contract Disputes Act.
In the cases at bar, plaintiff was aware of the Contract Disputes Act and fully intended to avail itself of its provisions, despite the failure of the Contracting Officer to inform plaintiff of its rights under the Act.[3] We are thus faced with a plaintiff whose clear intent was to seek relief under the Contract Disputes Act, in contrast to the Tuttle/White plaintiff who was equally aware of the Act but chose to ignore its provisions. Even more significant is the fact that Gregory’s appeals with the Department of Interior Board of Contract Appeals were dismissed by the Board sua sponte and without prejudice. Unlike the plaintiff in Tuttle/White, Gregory played no role in the dismissals by the Board, and should not be prejudiced thereby. As one federal court has noted, "When the words 'dismissed without prejudice’ are used, parties are permitted to litigate their claims as if no previous suit had been commenced.” Brunswick Corp. v. Chrysler Corp., 287 F. Supp. 776, 777 (E.D. Wis. 1968). See also United States v. Cook, 432 F.2d 1093, 1100-01 (7th Cir. 1970), cert. denied, 401 U.S. 996 (1971). In view of the uncertainty facing plaintiff regarding the coverage of the Contract Disputes Act, we hold that plaintiff did not make a binding election under the Contract Disputes Act by filing its appeals with the Board of *749 Contract Appeals which were dismissed by the Board sua sponte and without prejudice.[4]
Accordingly, after consideration of the submissions of the parties, but without oral argument, defendant’s motions for summary judgment are denied. The cases are remanded to the Trial Division for further proceedings including but not limited to plaintiffs claims under the "direct access” provisions of the Contract Disputes Act.

 In neither instance did Gregory certify its claim to the Contracting Officer as required by section 6(c)(1) of the Contract Disputes Act, 41 U.S.C. §605(c)(l), for claims in excess of $50,000. However, Gregory’s failure to certify is not grounds for dismissing the suit under controlling precedent established in Folk v. United States, 226 Ct. Cl. 602 (1981). In Folk, we held that "when a contracting officer renders a decision after the effective date of the Act on an uncertified claim submitted prior to that date, the contractor may proceed under the Act and appeal to this court.” In the cases at bar the claims directed to the Contracting Officer were dated February 5 and February 13, 1979, while the Contract Disputes Act did not take effect until March 1, 1979. Thus, Gregory’s failure to certify its claims is not dispositive because the claims were filed with the Contracting Officer prior to the effective date of the Act. See also Gregory Lumber Co. v. United States, Ct. Cl. No. 428-80C (order of March 27, 1981) (unreported).

 Section 10(a)(1) of the Act, 41 U.S.C. §609(a)(l), provides in part, "[I]n lieu of appealing the decision of the contracting officer. . .to an agency board, a contractor may bring an action directly on the claim in the United States Court of Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.”

 The failure of the Contracting Officer to inform plaintiff of its rights under the new Act was a factor in our decision in National Electric Coil v. United States, 227 Ct. Cl. 595 (1981), in which we found no election under the Act despite the fact that plaintiff had filed a notice of appeal with the governing Board of Contract Appeals.

 Our decision is also consistent with the view of election under the Contract Disputes Act articulated by Judge Kunzig in his concurrence in Tuttle/White, supra. In his concurrence, Judge Kunzig stated, "I would hold that by docketing an appeal with the ASBCA, plaintiff made a binding election of forums under the Contract Disputes Act and is now required to litigate in its chosen arena — the Board — prior to seeking judicial review in this court.” 228 Ct. Cl. at 362, 656 F.2d at 649. By dismissing Gregory’s suit without prejudice, the Board vitiated Gregory’s election of forums and left Gregory in the position it enjoyed prior to filing its appeal with the Board.