Defendant moves for summary judgment dismissing this government contractor’s petition filed under the Contract Disputes Act of 1978, 41 U.S.C. § 601 and ff. The contract is for Phase IIA of a project to construct a Veterans’ Hospital at Seattle, Washington, and it was awarded August 14, 1980. Thus, there is no question it is under the Contract Disputes Act and not prior law. Defendant terminated the contract for default. The suit is under the statutory provisions for "direct access” to this court, but the ground of defendant’s motion is that plaintiff previously made a binding election to proceed in the Veterans’ Administration Board of Contract Appeals (vabca). The issues are not such that either the VABCA or this court would confront any subject matter jurisdictional difficulty in considering and passing on the controverted issues or in awarding appropriate relief. The competing statutory provisions are 41 U.S.C. §§607 and 609.
On April 7, 1981, the contracting officer issued his final decision because of failure to make progress, and he gave notice in writing that plaintiff could either appeal to the vabca in 90 days or sue in this court within 12 months. Counsel, within 90 days, gave notice in writing that plaintiff elected to proceed in the vabca, and he gave the proper certification. The board gave notice it had received and docketed the appeal and assigned it a number on July 24, 1981. Plaintiff did not follow up with a formal com *783 plaint, and the vabca stayed further proceedings at the request of both parties pending settlement negotiations. Plaintiff says it notified government counsel at the outset of negotiations that if a settlement could not be reached, it would dismiss the appeal and sue de novo in this court. The settlement broke down and plaintiff moved to dismiss the appeal January 22, 1982. It sued here February 12, 1982. The motion to dismiss sought to be without prejudice, but the board instead has suspended the proceeding before it to allow this court time to decide whether to accept jurisdiction.
Unlike several of our earlier decisions, there is no issue here whether plaintiff elected to come under the new law. It said it did, but given the sequence of dates recited above, the case is under the new law and no election is required. The only question is whether plaintiffs original election to proceed via the board is binding so plaintiff cannot disavow it. Plaintiff relies heavily on our order in National Electric Coil v. United States, 227 Ct.Cl. 595 (1981). The panel there did not choose to hold that plaintiff had irrevocably bound itself by filing a notice of appeal to the Interior Department’s Board of Contract Appeals for the reasons first and most stressed, that the contracting officer’s final decision gave notice in the old form of the right to appeal to the board, but failed to mention the option to sue here; in view of this, we thought no election could take place until the gap in the contractor’s information was filled; second, that the contractor not having filed a complaint, it was doubtful whether the board proceeding could be deemed commenced; and third, the board itself and government counsel operating therein seemed by their conduct to have no belief that plaintiff was irrevocably committed to the board appeal. Government counsel advised the board they had no objection to dismissal without prejudice if the board deemed the Court of Claims option was still open, and the board thereupon did dismiss without prejudice. We thought the board must be the best judge of the significance of the various steps in its own procedure.
In later decided cases, plaintiff has always had proper notice of the Court of Claims option in the contracting officer’s original decision. Thus the reason given in Nation *784 al Electric Coil for postponing the election date until the contractor is informed, no longer operates. Later courts have not deemed it necessary to determine whether an uninformed notice of election is binding: it has always been an informed one. This difference is great enough so later decisions have reached a different result without any thought of overruling National Electric Coil. Later panels have not deemed it necessary to consider whether a proceeding in a board, any board, is commenced before filing of the complaint. And, as to the third point, in the instant case the rules of the vabca are attached to its decision and leave no room for doubt that the proceeding commences with the notice of appeal. Later boards have not shown the uncertainty as to the nature of their own proceedings, as did the Interior board in National Electric Coil. They do not, of course, determine whether we have jurisdiction as a result of a late election, but they show no uncertainty about their own procedures. See e.g., Santa Fe Engineers, Inc. v. United States, 230 Ct.Cl. 512, 677 F.2d 876 (1982); Tuttle/White Constructors, Inc. v. United States, 228 Ct.Cl. 354, 656 F.2d 644 (1981). Gregory Lumber Co. v. United States, 230 Ct.Cl. 745 (1982), holds that where the contractor was genuinely in doubt whether the Contract Disputes Act dealt with his case at all, a protective filing with a board was not an election.
This is not a case like Gregory; there is nothing to suggest any doubt about the coverage of the Contract Disputes Act. Under the facts of the case at bar, the contract having been awarded after and subject to the Contract Disputes Act, there is only one election for the contractor to make. He no longer has a choice whether to proceed under the Act. He must. His only choice is whether to appeal the contracting officer’s- decision. The view of all our cases being that the notice of appeal to a departmental board is such an election, reason for treating it otherwise not appearing, plaintiff made its election when it filed the notice and is now bound. The board’s decision on the motion to dismiss shows quite plainly that for its own purposes (not purporting to control our jurisdiction), the appeal is perfected on filing the notice of appeal and the lack of any complaint does not establish otherwise. The motion to dismiss without prejudice was *785 denied. Thus major elements of National Electric Coil are missing: the failure by the contractng officer to inform of the right to appeal to the Court of Claims, and the uncertainty of the board as to where or how its own jurisdiction vests. Plaintiff cannot invoke National Electric Coil to avoid this conclusion made inevitable by the other cases. The fact there was only one election to make, not two, was wholly irrelevant.
There are certain rituals to be gone through to perfect a Contract Disputes Act claim for adjudication after an adverse contracting officer’s decision. As they are part of the consent to be sued, they must be performed exactly as prescribed, however meaningless they may appear to a contractor’s counsel. Cf. W. H. Moseley Co. v. United States, 230 Ct. Cl. 405, 677 F.2d 850, cert. denied 459 U.S. 836 (1982). Thus, it is irrelevant that defendant would not be prejudiced if we held plaintiffs way. Plaintiff also complains of certain statements by government counsel during negotiations after filing of the notice of appeal. One dealing with the government may not take his law from the other side of the negotiating table. Mills v. United States, 187 Ct.Cl. 696, 410 F.2d 1255 (1969). Government counsel are not employed to give gratuitous legal advice to the other side. Cf. Broad Avenue Laundry and Tailoring v. United States, ante at 1, 681 F.2d 746 (1982). Counsel must ascertain the rituals and the necessity that each one has for himself.
Accordingly, defendant’s motion for summary judgment is granted and the petition is dismissed.