**BOYD LUMBER CORPORATION**

v.

**The UNITED STATES.**

No. 526–83C.

United States Claims Court.

Aug. 14, 1984.

William F. Boyd, Kellogg, Idaho, attorney of record, for plaintiff. Brown, Keane, Boyd & Gibler, P.A., Kellogg, Idaho, of counsel.

Lynn J. Bush, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. David M. Cohen, Director, and Thomas W. Petersen, Asst. Director, Washington, D.C., of counsel.

## OPINION ON PLAINTIFF'S AND DEFENDANT'S MOTIONS TO DISMISS THE COMPLAINT

PHILIP R. MILLER, Judge:

The complaint in this case, filed August 16, 1983, alleges the following: On January 12, 1978, plaintiff contracted to purchase from the United States Forest Service a specified quantity of standing timber by April 16, 1981. On April 15, 1981, plaintiff requested a year's extension to complete the purchase due to adverse economic conditions, pursuant to the *force majeur* clause of the contract, but defendant denied the request. On August 17, 1982, the Forest Service contracting officer notified plaintiff that he considered plaintiff's failure to remove the included timber by the contract termination date to be a breach of contract, that the Service had resold such timber at a lower price than plaintiff had agreed to pay for it, and that plaintiff was liable to the United States for its damages, in the sum of $542,429.09 plus interest. The notice stated that it was a final decision of the contracting officer which plaintiff was entitled to appeal under the "disputes" clause of the contract to the Agriculture Board of Contract Appeals (AGBCA) (within 30 days) pursuant to Department Regulations (7 C.F.R. § 24.5 (1982)), or under the Contract Disputes Act of 1978 (41 U.S.C. §§ 606, 607 and 609) either to the AGBCA within 90 days or directly to the U.S. Court of Claims within 12 months.

The complaint states that in the plaintiff's view this court (as successor to the Court of Claims) does not have jurisdiction of this dispute, but that the complaint is filed to protect plaintiff's rights in the event the United States district court, where plaintiff believes jurisdiction lies, does not have jurisdiction. Plaintiff further alleges that it does not owe the United States the $549,429.09 or any other sum, and prays for a judgment to that effect.

In its answer, filed October 17, 1983, defendant denies that plaintiff is entitled to the relief it seeks and counterclaims for a $542,429.09 judgment in its favor.

### Plaintiff's Motion to Dismiss

On February 14, 1984, plaintiff moved to dismiss the complaint and counterclaim on the ground that this court is without subject matter jurisdiction. Plaintiff's argument in support of the motion is that the Claims Court's jurisdiction is limited generally to claims for money against the government, whereas plaintiff's claim is for an adjudication that it is not liable to the government. It states that the contracting officer was mistaken in advising plaintiff it could appeal to the Claims Court under the Contract Disputes Act, because Section 16 of that Act provides that it is effective only with respect to contracts entered into after February 28, 1979 (120 days after the date of enactment of the Act (November 1, 1978) Sec. 16 of Contract Disputes Act of 1978, Pub.L. 95–563, 93 Stat. 648 (*reprinted in* note to 41 U.S.C.A. § 601)), whereas plaintiff's contract was entered into more than a year earlier. It contends that the government's claim for

breach of contract may only be adjudicated in a United States district court, where it is entitled to a jury trial as a matter of constitutional right.

It is plaintiff which is mistaken, since it overlooks the second sentence of Section 16 of the Act, which provides:

> Notwithstanding any provision in a contract made before the effective date of this Act, the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer or initiated thereafter.

Plaintiff had several options: To the extent the contracting officer's refusal to allow plaintiff the year's extension or the contracting officer's damage claim involved questions of fact, plaintiff could have appealed to the AGBCA under the "disputes" clause of its contract.[1] Alternatively plaintiff could have elected to proceed under the Contract Disputes Act both with respect to the plaintiff's claim and the government's claim (whether based on disputes of fact or law), with the further alternative of electing to appeal to the AGBCA[2] or to proceed by direct action in the U.S. Claims Court. Still further, plaintiff could have elected to do nothing and waited for the government to sue it in a district court for damages for the claimed breach of contract, at which time plaintiff could have asserted its right to a jury trial.[3] *Cf. Algernon Blair Industrial Contractors, Inc. v. T.V.A.*, 552 F.Supp. 972 (M.D.Ala.1982); *Damsky v. Zavatt*, 289 F.2d 46, 51 (2nd Cir.1961).

Plaintiff was not misled by the contracting officer as to its options, since all but the last are stated in the contracting officer's notice of decision of August 17, 1972, and the contracting officer was under no duty to inform plaintiff of the last option, which is based on plaintiff's own conception of its constitutional rights.

Accordingly plaintiff's motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

### Defendant's Motion

■ Although defendant's motion is entitled a "Cross-Motion to Dismiss and Response to Plaintiff's Motion to Dismiss", it is not in fact a motion to dismiss the claim but a motion for summary judgment, because it relies on matters outside the pleadings; and it does not in fact respond to plaintiff's motion. All it says in opposition is in the latter half of the following sentence:

> Defendant respectfully moves the Court to dismiss plaintiff's claim on the ground that this Court lacks jurisdiction over the claim, and concurrently opposes plaintiff's motion to dismiss on the ground that the Contract Disputes Act of 1978 controls the present dispute.

In support of its cross-motion, defendant originally argued that the plaintiff's claim should be dismissed on the ground that the court lacks jurisdiction over the claim because plaintiff previously made a binding and irrevocable election under the Contract Disputes Act to appeal to the AGBCA and thus is now barred from proceeding in the Claims Court. However, in response to the court's question as to what action constituted such an election, in a supplemental memorandum defendant now concedes that plaintiff's resort to the AGBCA was timely

---

1. The "disputes" clause was as follows:

    B9.2 Disputes. Except as otherwise specifically provided, it is the intent of this contract that Purchaser and Forest Service shall agree upon the interpretation and performance of this contract. Upon failure to reach an agreement on a question of fact, the decision of Forest Service shall prevail within the limitations of law (41 U.S.C. 321, 322) and subject to appeal under the Regulations of the Secretary of Agriculture (36 CFR 211.10 et seq.).

2. With further right of appeal to the appellate division of the Court of Claims or to its successor, the Court of Appeals for the Federal Circuit. (41 U.S.C. § 607(g).)

3. However, if plaintiff demanded a jury trial in the district court, the government probably would have objected on the ground that, if there is a question of fact under the contract, plaintiff has agreed in the "disputes" clause to be bound by the decision of the Forest Service and AGBCA, subject to judicial review only under Wunderlich Act (41 U.S.C. §§ 321, 322) standards, and therefore has waived a jury trial.

enough to have been under the authority of the "disputes" clause and applicable regulations; but defendant nevertheless contends that such election likewise irrevocably deprived the court of jurisdiction over a direct access suit, and should therefore be dismissed.

The action which defendant contends constituted the binding election by plaintiff was its appeal to the AGBCA from the contracting officer's letters of May 8 and 14, 1981, filed June 5, 1981. The May 8 letter denied plaintiff's request for a one-year contract term adjustment due to adverse market conditions on the ground that the *force majeur* clause upon which plaintiff relied did not include adverse market conditions. The May 14 letter notified plaintiff that its time for completing the timber contract had expired on March 31 with 50 percent or more of the timber remaining uncut, and that therefore the government planned to reoffer the remaining timber for sale as soon as conditions permitted. Neither letter informed plaintiff that it was a final decision appealable administratively within a limited number of days or that plaintiff had the right to elect instead to file a direct access suit in the Court of Claims. Moreover, each letter implicitly or explicitly contemplated further action by the contracting officer, and neither stated nor could yet state the amount of the government's claim for damages, if any, as a result of plaintiff's alleged breach.

Plaintiff filed its appeal with the AGBCA on June 5, 1981, but the contracting officer's "final decision" was not issued until August 17, 1982. That decision represented his formal determinations that plaintiff's failure to remove the included timber by the contract termination date was a breach of contract, that the actions of the Forest Service in reselling the remaining included timber were proper, and that the correct amount of the government's damages was $542,429.09 plus interest; and it advised plaintiff that it had the right to elect to appeal to the AGBCA or to bring an action directly in the Court of Claims within a fixed time period from that final

decision. Certainly, the contracting officer's final decision informing plaintiff of its options for review shows that as of August 17, 1982, the government did not deem plaintiff to have previously made a binding election. The fact that on October 15, 1981, before the "final decision", both parties stipulated to dismissal of the premature AGBCA proceedings "without prejudice" again shows their mutual understanding that plaintiff had not yet made a binding election. Indeed, until the contracting officer determined the measure of damages claimed by the government, it was unreasonable to expect that plaintiff would be in a position to decide whether or not to appeal or to sue at all. Under these circumstances it cannot reasonably be concluded, at least on defendant's motion for summary judgment, that plaintiff made an informed election on June 5, 1981. *National Electric Coil v. United States*, 227 Ct.Cl. 595 (1981).

It is therefore concluded that the court likewise does not lack jurisdiction because plaintiff made a prior binding election to appeal to the AGBCA, and defendant's motion to dismiss is also denied.

### *Voluntary Dismissal By Plaintiff*

Denial of the opposing jurisdictional motions does not dispose of plaintiff's motion as a motion to dismiss voluntarily. Plaintiff's primary reason for seeking to avoid a judgment on the merits in this court is that it believes that it is entitled to a jury trial on the government's claim for damages for breach of contract, which the government asserts as a counterclaim here. This may be satisfied by voluntary dismissal even if the court does have jurisdiction of the complaint.

Rule 41(a)(2) provides that an action may "be dismissed at the plaintiff's instance * * * upon order of the court and upon such terms and conditions as the court deems proper." However, Rule 41(a)(2) further provides:

If a counterclaim has been pleaded by the United States prior to the service

upon it of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

Other than to state in the opening paragraph of its original motion that defendant "concurrently opposes plaintiff's motion to dismiss on the ground that the Contract Disputes Act of 1978 controls the present dispute", defendant fails to address plaintiff's motion to dismiss or to state that it objects to the dismissal of the action because of the pendency of its counterclaim. Indeed, it may be inferred that defendant has no objection to dismissal of its counterclaim, because in its reply brief it states, "Assuming the Court grants the Government's motion to dismiss, like petitioner's complaint, our counterclaim would no longer be before the Court either." Thus dismissal under Rule 41(a)(2) may provide a viable basis for disposition of the plaintiff's motion.

Recognizing the complexity of the legal problems encountered by a contractor faced with a claim by the government for damages for breach of a contract entered into before the effective date of the Contract Disputes Act, the court gave the plaintiff an opportunity to move for a suspension of proceedings while it asserted its right to a jury trial in any proceeding brought by the government to collect on its damage claim. However, plaintiff declined to file such a motion.

### Conclusion

Plaintiff's motion to dismiss the complaint for lack of jurisdiction is denied. Defendant's cross-motion to dismiss, treated as a motion for summary judgment pursuant to Rule 12(b), is likewise denied. Treating plaintiff's motion as a motion to dismiss the complaint voluntarily, defendant is ordered to file a submission with the court within 10 days stating whether or not defendant objects to such dismissal by court order pursuant to Rule 41(a)(2).