J. Leonard SPODEK, Rosalind T. Spo-
dek, Nationwide Postal Management,
and First Nationwide Postal Holdings,
Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5064.

United States Court of Appeals,
Federal Circuit.

DECIDED: Dec. 3, 2002.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

GAJARSA, Circuit Judge.

J. Leonard Spodek, Rosalind T. Spodek, National Postal Management, and First Nationwide Postal Holdings (collectively "Spodek") appeal from the order of the United States Court of Federal Claims dismissing Spodek's complaint for lack of subject matter jurisdiction. *Spodek v. United States*, 51 Fed.Cl. 221 (2001). Because Spodek's filing of his appeal with the United States Postal Service ("USPS") Board of Contract Appeals ("Board") constituted an election of remedies only with respect to the increased rent, we *affirm-in-part*, *vacate-in-part*, and *remand*.

## BACKGROUND

A full and complete exposition of the uncontroverted facts may be found in the Court of Federal Claims opinion. *See Spodek*, 51 Fed.Cl at 221–24. A short summary is presented herein. On Sep-tember 17, 1971, the United States Postal Service ("USPS") entered into a ten-year lease for the Schuylkill Station Post Office ("Schuylkill Station") in Philadelphia, Pennsylvania beginning on August 1, 1971, and ending on July 31, 1981. The lease contained three consecutive five-year renewal options and provided for monthly rental payments of $1,433.33 for the last five-year renewal period. On September 14, 1995, Nationwide Postal Management purchased the property from the lessor. Prior to the expiration of the lease on July 31, 1996, the parties conducted negotiations in an attempt to execute a follow-on lease. On July 17, 1996, Michael Laverdiere, a contracting officer ("CO") for the USPS submitted a proposed lease to Spodek for an additional rental period of one year at the increased monthly rate of $7,560.00. The proposed lease was executed by Spodek but not by any authorized representative of the USPS.

On July 22, 1996, Marcus Nielsen, also a CO for the USPS, sent a letter to Spodek advising that the file for the Schuylkill Station had been transferred to him. He enclosed an unsigned, proposed lease extension agreement for a month-to-month occupancy, at a monthly rental rate of $2,926.00. Nielsen also stated: "To the extent any prior negotiations occurred with my preceding [CO], any requests for offers or proposals are revoked." On November 5, 1996, Spodek sent a letter to Nielsen requesting payment of "increased rent" of $13,902.00, that is, the difference between $7,560.00, which Spodek claimed he was owed per month, and $2,926.00, which the USPS had paid for the three months the USPS held over in possession of the Schuylkill Station.

On November 19, 1996, Nielsen issued a final decision denying Spodek's claim. On December 9, 1996, Spodek expressed disagreement with Nielsen's final decision.

On December 16, 1996, Nielsen forwarded Spodek's notice of objection to the Board, which docketed the appeal on December 19, 1996 ("1996 Board Appeal"). On February 10, 1997, and again on May 28, 1997, the Board ordered Spodek to file his complaint. On July 8, 1997, the Board dismissed the appeal with prejudice for failure to prosecute. On July 17, 1998, the Board affirmed this decision in response to Spodek's motion for reconsideration. On October 29, 1998, the Board also denied Spodek's motion for reconsideration of the Board's denial of reconsideration.

On April 5, 2000, Mr. Spodek submitted to the CO a claim in the amount of $176,276.29 for (1) increased rent and (2) plumbing repairs, real estate taxes, and anticipated restoration costs. On May 16, 2000, the CO concluded he had no jurisdiction under the CDA to issue a final decision because the claim was based upon an alleged contract that had not been executed by the USPS in 1996. On February 16, 2001, Spodek filed a complaint with the Court of Federal Claims for the increased rent, plumbing repairs, real estate taxes, and anticipated restoration costs under the Contract Disputes Act of 1978 ("CDA"), Pub. L. No. 95–563, 92 Stat. 2383, codified as amended at 41 U.S.C. §§ 601–613 (2000). The Government filed a motion to dismiss, however, the motion did not address the claims set forth in the complaint for plumbing repairs, real estate taxes, and anticipated restoration costs. The Court of Federal Claims concluded that, because the Board had jurisdiction over Spodek's 1996 Board Appeal, the election doctrine required dismissal of the case for lack of subject matter jurisdiction. Spodek timely appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

## DISCUSSION

The jurisdiction of the Court of Federal Claims is a question of law that this court reviews *de novo*. *See Am–Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1238 (Fed.Cir.2002).

### A. Increased Rent

■ After an adverse CO's decision, the contractor may appeal to the appropriate agency board of contract appeals, 41 U.S.C. §§ 606, 607(d), or to the Court of Federal Claims, 41 U.S.C. § 609(a)(1). It is a contractor's initiation of a suit in a proper forum that precludes the contractor from pursuing its claim in an alternate forum. *Nat'l Neighbors, Inc. v. United States*, 839 F.2d 1539, 1542 (Fed.Cir.1988). A contractor is deemed to have made a binding election when: (1) it has sought to avail itself of one forum over another; and (2) that forum has the ability to exercise jurisdiction at the time the election is attempted. *See Bonneville Assocs., Ltd. P'ship v. Barram*, 165 F.3d 1360, 1362 (Fed.Cir.1999) (citing *Bonneville Assocs. v. United States*, 43 F.3d 649 (Fed.Cir.1994)). Once a contractor elects to bring an appeal before an appropriate board of contract appeals, the contractor is bound by that decision and cannot later elect to bring a direct access suit in the Court of Federal Claims. *See Santa Fe Eng'rs, Inc. v. United States*, 230 Ct.Cl. 512, 677 F.2d 876, 878 (1982); *Tuttle/White Constructors, Inc. v. United States*, 228 Ct.Cl. 354, 656 F.2d 644, 649 (1981).

■ Here, Spodek elected to file a claim with the Board on the issue of increased rent. 41 U.S.C. § 606; *see also Nat'l Neighbors*, 839 F.2d at 1542. The Board exercised its jurisdiction and dismissed the claim with prejudice for lack of prosecution. 41 U.S.C. § 607(d). Thereafter, the Board denied Spodek's motion for reconsideration and also denied Spodek's motion for reconsideration of the Board's denial of reconsideration. Spodek asserts that the

claim for increased rent in the present suit is not based on the same set of transactional facts as the 1996 Board Appeal. However, it is clear from Spodek's brief that even Spodek, quite properly, viewed the various components of the facts as arising from the same polluted spring of the unexecuted lease. Moreover, all of these facts derive ultimately from the same origin or motivation: the USPS breaching the lease. The suits would have formed a convenient trial unit because both involve substantially the same incidents evincing the same relationships between Spodek and the USPS as landlord and holdover tenant, respectively, and, with minor exceptions, involve the same witnesses and evidence. Thus, Spodek made a binding election by filing with the Board, and the Court of Federal Claims properly dismissed Spodek's claim for increased rent for lack of subject matter jurisdiction.

### B. Plumbing Repairs, Real Estate Taxes, and Anticipated Restoration Costs

■ Under the CDA, all contract claims must be submitted first to the CO for a decision. See 41 U.S.C. § 605(a). There are various provisions in 41 U.S.C. § 605(c) regarding the time frame in which the CO must act but, if the CO fails to issue a final decision, as was the case here, § 605(c)(5) provides that the inaction will be treated as a denial of the claim. Here, on May 16, 2000, the CO did not issue a final decision regarding the plumbing repairs, real estate taxes, and anticipated restoration costs because those costs were not based on a contract between the parties, and thus, the claims were deemed to be denied. In dismissing all of Spodek's claims for lack of subject matter jurisdiction, the Court of Federal Claims failed to decide all of the issues then before it, that is, whether the deemed denial as to each of the claims regarding plumbing repairs,

real estate taxes, and anticipated restoration costs was proper. The election doctrine does not preclude Spodek's claim for plumbing repairs, real estate taxes, and anticipated restoration costs, because that issue was not before the Board during the 1996 Board Appeal. Moreover, both parties agree that the Government's motion to dismiss did not address the claims set forth in the complaint for plumbing repairs, real estate taxes, and anticipated restoration costs. Thus, we hold that the Court of Federal Claims has jurisdiction to review the CO's decision denying the plumbing repairs, real estate taxes, and anticipated restoration costs.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed-in-part, vacated-in-part, and remanded.